UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>KENNETH BEAMAN,<br><br>　　　　　Defendant. | CASE NO. 2:22-cr-00100-JHC<br><br>ORDER RE: MOTION TO VACATE |

　　　This matter comes before the Court on self-represented Defendant Kenneth Beaman's Motion to Vacate Conviction and Sentence. Dkt. # 90. The Government opposes the motion. Dkt. # 92. The Court has reviewed the materials submitted by the parties in connection with the motion, pertinent portions of the record, and the applicable law. For the reasons stated below,

ORDER RE: MOTION TO VACATE - 1

the Court DEFERS ruling and DIRECTS the Clerk of Court to re-note the motion for August 9, 2024.

On April 24, 2023, Mr. Beaman pleaded guilty to one count of possession of a controlled substance with the intent to distribute, *see* 21 U.S.C. § 841(a)(1), (b)(1)(B), and one count of unlawful possession of a firearm, *see* 18 U.S.C. § 922(g)(1); the Court sentenced him to 60 months' incarceration with four years of supervised release to follow. Dkt. ## 45, 46. Mr. Beaman now asks the Court to vacate his unlawful possession of a firearm conviction and sentence, contending that it runs afoul of *New York State Rifle & Pistol Association, Inc. v. Bruen*, 597 U.S. 1 (2022), and *United States v. Duarte*, 101 F.4th 657 (9th Cir. 2024). Dkt. # 90 at 2–4. The Government responds that Mr. Beaman's motion "is either untimely or improper[,]" noting that (1) Mr. Beaman pleaded guilty to his felon-in-possession charge after the *Bruen* decision was issued and did not raise this issue prior to his change of plea; (2) Mr. Beaman's request is not based on newly discovered evidence and thus does not follow the required timeframe of Federal Rule of Criminal Procedure Rule 33; and (3) if he alternatively seeks relief under Federal Rule of Appellate Procedure 4, he has missed his "window to appeal his conviction[.]" Dkt. # 92 at 2–3. The Government further contends that if Mr. Beaman "wants the Court to treat [his] motion as a motion under 28 U.S.C. § 2255, he must inform the Court of that." Dkt. # 92 at 3 (citing *United States v. Seesing*, 234 F.3d 456 (9th Cir. 2000), *as amended* (Jan. 29, 2001)).

The Court agrees with the Government. If Mr. Beaman seeks to vacate his conviction and sentence under Rule 33 or Appellate Rule 4, his request is untimely. *See* Fed. R. Crim. P. 33(b)(2) ("Any motion for a new trial grounded on any reason other than newly discovered evidence must be filed within 14 days after the verdict or finding of guilty."); Fed. R. App. P. 4(b)(1) ("[A] defendant's notice of appeal must be filed in the district court within 14 days after .

ORDER RE: MOTION TO VACATE - 2

. . the entry of judgment); Fed. R. App. P. 4(b)(4) (the district court may, upon a finding of excusable neglect or good cause, extend the time to file a notice of appeal for a period not to exceed 30 days from the expiration of the time prescribed in Rule 4(b)).  More than one year has passed since Mr. Beaman's conviction and he does not contend that there is new evidence that could affect his conviction; thus, he may not seek relief through these procedural avenues.

But Mr. Beaman may wish for the Court to treat his motion as a collateral challenge to his sentence under 28 U.S.C. § 2255.  In *Seesing*, the Ninth Circuit determined that the district court's characterization of a self-represented prisoner's letter as a 28 U.S.C. 2255 motion, without his consent, was to his

> great disadvantage as it seriously diminished the possibility of successfully filing a future, properly drafted and documented, motion. Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), the opportunity to file successive motions under 28 U.S.C. § 2255 is strictly limited.  *See generally* 28 U.S.C. § 2255 (second or successive motions may be certified only if based on "newly discovered evidence" or "a new rule of constitutional law ... that was previously unavailable").

234 F.3d at 463.  The Ninth Circuit outlined the steps district courts must take before they can recharacterize a self-represented prisoner's motion:

> When presented with a pro se motion that could be recharacterized as a 28 U.S.C. § 2255 motion, a district court should not so recharacterize the motion unless: (a) the pro se prisoner, with knowledge of the potential adverse consequences of such a recharacterization, consents or (b) the district court finds that because of the relief sought that the motion should be recharacterized as a 28 U.S.C. § 2255 motion and offers the pro se prisoner the opportunity, after informing the prisoner of the consequences of recharacterization, to withdraw the motion.  Under either scenario, the pro se prisoner has the option to withdraw the motion and file one all-inclusive 28 U.S.C. § 2255 motion within the one-year statutory period.

*Id.* at 464.[1]

---

[1] The Court makes no determination as to whether Mr. Beaman's motion, construed under 28 U.S.C. § 2255, would state a cognizable claim or be timely filed under the statute.

ORDER RE: MOTION TO VACATE - 3

The Court therefore DIRECTS Mr. Beaman to respond by August 1, 2024 to inform the Court whether, acknowledging the potential adverse consequences, he consents to the recharacterization of his motion as a 28 U.S.C. § 2255 motion or whether he wishes to withdraw his motion. If Mr. Beaman does not respond, the Court will deny the motion. The Court DEFERS ruling and DIRECTS the Clerk of Court to re-note the motion, Dkt. # 90, for August 9, 2024.

Dated this 1st day of July, 2024.

John H. Chun
United States District Judge

ORDER RE: MOTION TO VACATE - 4